## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.             ) | **CRIMINAL ACTION** |
| ) | **No. 08-10121-GAO** |
| ERIC LEVINE, et. al.,   ) | |
|      Defendants.   ) | |

ORDER ON PENDING MOTIONS

September 17, 2009

SOROKIN, M. J.

1. Defendants' Motion for Discovery (Docket #174)

      This Motion is DENIED except as noted.

      A number of defendants' discovery requests seek earlier disclosure of discovery than the time periods established in the applicable local or federal rules. Request Numbers 1, . The facts underlying the charges in this Indictment involve a substantial amount of documents. For example, the Indictment itself involves sixty one separate loan transactions resulting in the disclosure of over 59,000 pages of documents concerning twenty one properties and the government recently offered to make available to the defendants approximately twelve to twenty file drawers of additional paper discovery concerning transactions other than the transactions in the Indictment. The quantity of discovery alone suggests that providing for earlier disclosure of Rule 404(b), Rule 608(b) and impeachment information may be reasonable. And, nothing presented to the court in the submissions on the discovery motions indicated that the pretrial

disclosures would actually be different in scope than that suggested by the quantity of discovery so far. Nonetheless, to date, counsel have been unable to resolve this practical timing question. After consideration of the timing disputes submitted to the Court, I decline to resolve the timing questions because, in this case, these timing questions are bound up in and related to case management determinations committed to the district judge presiding over the trial. Accordingly, these requests are DENIED WITHOUT PREJUDICE to renewal at the Initial Pretrial Conference or other appropriate proceeding before the district judge.

Each of the defendant's specific requests are discussed below.

1. See above

2. Defendants request all documents concerning any real estate or mortgage transactions not charged in the Indictment in which any potential government witness participated in during the relevant time period of the Indictment. Insofar as this request seeks early disclosure of impeachment material, see above. In all other respects the request is DENIED.

3. See above.

4. Defendants request the identity of all persons who have provided the government with information containing any statements made by the defendant. The defendant bears the burden to establish that this information is material under Rule 16, see, e.g. United States v. Pesaturo, 519 F.Supp.2d 177, 190 (D.Mass. 2007), or otherwise discoverable, which it has not done. Thus, this request is DENIED.

5. The defendants request any and all evidence from and or information about any eyewitness of alleged criminal activities or conduct involved in this case for which the prosecution has a name and or address and whom the government does not intend to call at trial.

This request is DENIED for the same reasons as Request No. 4.

6. The defendants request the names and addresses and statements of persons who have knowledge pertaining to this case or who have been contacted by the government or their agents whom the government does not plan to call as witnesses. This request is DENIED for the same reasons as Request No. 4.

7. The defendant requests early disclosures of all Rule 404(b) evidence that the government intends to introduce at trial.  See above.

8. The defendant requests a copy of the criminal record of any witness, identified by name, whom the Government anticipates calling in its case-in-chief.  This request duplicates a provision of Local Rule 116.2(B)(1)(D) which is incorporated into L.R. 116.1 by L.R. 116.1(C)(2).  The Local Rules aim, in part, to avoid motion practice over the matters set forth in the rule.  Thus, they provide that a "defendant participating in automatic discovery must not request information expressly required to be produced under L.R. 116.1; all such information is by these Local Rules deemed ordered by the Court to be produced." L.R. 116.3(D).  Thus, the Request is DENIED.  The Court reminds the government that it has already been ordered to produce the information described in L.R. 116.2(B)(1)(D).

9. The defendant requests a written description of any criminal case pending against any witness identified by name whom the government anticipates calling in its case in chief. This request is DENIED for the same reasons as Request No. 8.  See L.R. 116.2(B)(1)(e).

10. The defendants request the substance of any promise or plea bargains between witnesses and or other defendants and the Government.  This request is DENIED for the same reasons as Request No. 8.  See L.R. 116.2(B)(1)(c).  Defendants also argue that they are entitled

to communications with counsel for witnesses "indicating a . . . suggestion of leniency, compensation, assurance not to prosecute, agreement to proceed on only certain counts of an indictment, representations with respect to yet uncharged misconduct or any benefit accruing to said individuals whatsoever in exchange for their cooperation, assistance or testimony at trial (or preparation for trial)." As the government well knows, it bears the burden of producing all exclupatory information. The request is DENIED.

     11.  See above.

     12. The defendants request the substance of any and all statements which the Government alleges are admissible as statements of a co-conspirator. This request is DENIED except that insofar as it presents a timing question it is deferred to the district judge as noted above.

     13.  The Defendants request all FBI Special Agent, Police or other law enforcement investigative files and reports relating to this case. This request is DENIED. See Request No. 4.

     14.  The Defendants request the names of any and all witnesses who participated in any transaction which is named in the indictment or about which evidence will be adduced at trial. This request is DENIED. See Request No. 4.

     15.  The defendants request the transcripts of testimony given before the grand jury in this case including, but not limited to the precise nature of any statements attributable to the defendants, under Rule 16(a)(1)(E). This request is DENIED. See Fed. R. Crim. P. 16(a)(3); United States v. Williams, 2007 WL 2325169 at * 2 (E.D.Va. 2007); and Request No. 4.

     16.  The defendants request all other exculpatory and or impeachment evidence.  This request presents a timing question hence it is DENIED WITHOUT PREJUDICE for the reasons stated above.

17. The defendants request a copy of any of the defendants' prior criminal records. This request is DENIED (although the Court notes some of these records the defendants may be entitled to on other grounds, e.g. L.R. 116.2(B)(1)(c)).

2. Defendants Motion for Notice of Intent to Use Evidence (Docket #176)

In this Motion the moving defendants request the Court to order the government, pursuant to Rule 12, to disclose its intention to use any evidence which the defendant may be entitled to discover under Rule 16 of the Federal Rules of Criminal Procedure. Rule 12(b)(4)(B) does not authorize such a sweeping notice requirement. Rather, the government must provide notice of its intent to use evidence that may be subject to a motion to suppress. United States v. Cruz-Paulino, 61 F.3d 986, 993 (1st Cir. 1995). The Local Rules direct the government to make that disclosure within twenty eight days of the arraignment. The Motion is DENIED.

3. Defendants' Motion to Compel the Production of Documents (Docket #177)

In this Motion the moving defendants request that the Court order the government to produce all documents concerning any fraudulent mortgage transactions, not charged in the Indictment, in which any potential government witness participated, i.e. the "loan files" for each such fraudulent loan. The parties agree that the defendants are entitled to the information sought in this focused discovery request; the dispute is one of timing. In this motion, defendants suggest that this production may involve thousands of pages of documents which will require counsel to spend a substantial period reading the documents as well as time to perform follow up investigation. That assertion is not disputed at this point. The government argues that the

request is moot because it has offered to make available to the defendants the twelve to twenty boxes of documents noted above which may contain exculpatory material and are documents the government obtained in the course of its investigation.  The government has also prepared an inventory of the documents in the nature of an index listing the loans, buyer's name, seller's name etc.  The request is not moot as the government's offer does not (necessarily) provide the defendants all of the documents they seek (i.e. the government is not prepared to represent that all of the discoverable documents are within this production) and the production likely includes documents outside the scope of the request in the production. Nonetheless, for the reasons noted at the outset of the consolidated discovery motion, this Motion is DENIED WITHOUT PREJUDICE.

4.  Defendant Lamarre's Motion to Regain Custody of His Passport (Docket #191)

Upon defendant's arrest the agents seized his passport. Subsequently, they or the government returned the passport to defense counsel.  He, in turn, deposited the passport with Pretrial Services in support of defendant's request for release.  The Court ordered defendant detained and, until now, defendant had not sought the return of his passport.   Both the government and the defendant indicate that they may wish to use the passport for evidentiary purposes at trial and each disputes the other's entitlement to possession (though both offer to provide a copy to the other side).  In the present circumstances, the Motion is DENIED.  The Court further orders Pretrial Services to retain  the passport, to make copies available to counsel for the government and defendant Lamarre, to make the passport available for inspection to the same counsel and to provide to the clerk upon request for use by any party at the trial.  Pretrial

Case 1:08-cr-10121-FDS   Document 201   Filed 09/17/09   Page 7 of 7

Services shall retain the passport pending further order of the Court.


                                            /s/ Leo T. Sorokin
                                            LEO T. SOROKIN
                                            United States Magistrate Judge

7

Services shall retain the passport pending further order of the Court.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge