**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| ) | Civil Action No. |
| v. ) | 08-10121-FDS |
| ) | |
| **ERIC L. LEVINE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER ON**
**MOTION FOR A CERTIFICATE OF APPEALABILITY**

**SAYLOR, J.**

On June 2, 2010, after a 35-day trial, a jury convicted petitioner Eric Levine on 61 counts related to his role in a mortgage conspiracy. After the trial, it came to light that a paralegal on his defense team was engaged in a personal relationship with a member of the prosecution team.

On January 20, 2011, Levine was sentenced to 144 months' incarceration. He filed an appeal on February 1, 2011. The First Circuit upheld his conviction on September 20, 2012. He filed motion to vacate or set aside judgment pursuant to 28 U.S.C. § 2255 on December 11, 2013. The Court denied that motion on August 11, 2016. On September 15, 2016, he filed a motion for a certificate of appealability ("COA") on a panoply of issues. For the reasons stated below, that motion will be granted in part and denied in part.

A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

529 U.S. 473, 484 (2000)).  That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner."  *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

As to his substantive conflict-of-interest claim, Levine in essence contends that the paralegal was a critical member of his defense team and that, after his counsel removed her from the team upon learning of the possible impropriety, his counsel was ill-prepared to continue the defense without her.  The Court concluded that Levine failed to produce any evidence that his counsel did not pursue an alternative strategy or tactic at trial because that alternative strategy was in conflict with his personal interest in covering up the improper relationship.  However, a reasonable jurist could conclude that "the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.  Therefore, a COA will be granted as to that claim.

Levine also seeks a COA concerning the Court's failure to grant an evidentiary hearing prior to denying his § 2255 motion.  In denying his motion for a hearing, the Court assumed for those purposes that the paralegal had played an important role in his defense and that her role was curtailed because defense counsel knew about her inappropriate relationship.  It concluded, however, that because Levine had not shown how any of that actually affected counsel's performance at trial, an evidentiary hearing was not necessary.  However, a reasonable jurist could likewise conclude that "the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327.

As to the remainder of his claims, reasonable jurists would not conclude that the issues presented are adequate to deserve encouragement to proceed further.

Accordingly, a certificate of appealability pursuant to 28 U.S.C. § 2255(c)(2) is GRANTED as to (1) his claim of ineffective assistance of counsel based on the alleged conflict

of interest and (2) his claim that he should have been granted an evidentiary hearing as to that issue, and DENIED as to the remainder of his claims.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: October 28, 2016